JUSTICE RICE,
concurring in part and dissenting in part.
¶48 I concur with the Court’s holding on Issue 1. A consumer’s rightful expectation that the policy provides $50,000 of underinsured motorist “coverage” is defeated by the policy’s terms, which limit payment to the amount which is necessary to “fill the gap” between the available liability coverage and $50,000. Here, because liability coverage of $50,000 was available and paid, there was no “gap” to fill, and thus, the entirety of the $50,000 underinsured “coverage” was defeated. Moreover, if there is no liability coverage, the resulting $50,000 gap will not be filled at all, because the policy’s definition of an underinsured vehicle excludes vehicles which are uninsured. Consequently, though “$50,000 coverage” is offered to consumers, collection of that amount from the insurer is an assurance which must be considered illusory. In that regard, I find instructive the Idaho Supreme Court’s reasoning that insurance coverage is deemed illusory when:
it appears that if any actual coverage does exist it is extremely minimal and affords no realistic protection to any group or class of injured persons. The declarations page of the policy contains language and words of coverage, then by definition and exclusion takes away the coverage. The fact that there might be some small circumstance where coverage could arguably exist does not change the reality that, when the policy is considered in its entirety, the City was receiving only an illusion of coverage for its premiums. This Court will not allow policy limitations and exclusions to defeat the precise purpose for which the insurance is purchased.
Martinez v. Idaho Counties Reciprocal Management Program (Idaho 2000), 999 P.2d 902, 907. As in Martinez, it is possible here to conceive of circumstances under which the full $50,000 of underinsured coverage could be paid under the policy, but considered in its entirety, the policy does not fairly provide a consumer with coverage consistent with its representations.
¶49 I respectfully dissent from the Court’s holding in Issue 2, as it is founded upon an erroneous factual predicate. In ¶ 37 of the opinion, the Court finds that Progressive has charged a premium for “nonexistent coverage,” and thus, § 33-23-203, MCA, is without a rational basis and unconstitutional, because the provision “permits the insurance industry to deprive Montanans of their hard earned money *120 for no consideration.” These statements are not accurate.
¶50 First, to the extent that underinsured coverage was nonexistent or illusory under this policy, that inadequacy has been remedied by our holding under Issue 1. Pursuant thereto, a full $50,000 in coverage, as represented to the consumer, is now available, in excess of any liability coverage, for payment of damages sustained by an insured in an accident. There is now nothing which is nonexistent or illusory about that coverage.
¶51 Further, the Hardys insured more than one vehicle and more than one driver under the policy. Additional premiums of $8 and $9 were assessed by Progressive for underinsured coverage on the Hardys’ second and third vehicles to underwrite the costs associated with the additional risks Progressive was undertaking on these vehicles. Those additional risks were unrelated to the personal and portable nature of underinsured coverage for the policyholders. Rather, the additional risk is posed by the potential passengers, unnamed under the policy, who could be victims of accidents in those vehicles. The terms of the underinsured coverage specifically define “insured person” more broadly in order to provide coverage to those unnamed passengers. Thus, if the Hardys were involved in separate accidents while carrying passengers, additional claims reasonably could arise beyond those which would be made by the Hardys themselves, and beyond the coverage provided on a single vehicle, providing a legitimate reason for the premium adjustment, and valid consideration for the premiums paid.
¶52 In fact, at oral argument, Hardy’s counsel acknowledged that had Progressive charged a combined policy premium for this coverage, instead of separate premiums for each vehicle, his claim on this issue would be essentially eliminated. Given the de minimus nature of Hardy’s objection, and the valid basis for charging a separate premium, it is completely unnecessary for the Court to engage in a constitutional analysis and declare § 33-23-203, MCA, to be invalid. I dissent from the Court’s decision to do so.
¶53 I concur with the Court’s conclusion on Issue 3, finding that issue was subsumed within the holding on Issue 1.
CHIEF JUSTICE GRAY joins in the foregoing concurring and dissenting opinion of JUSTICE RICE.